IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD M. BAUGH,** | 08-CV-1315-HU |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| **ALBERTO GONZALES, et al.,** | |
| Defendants. | |

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (#11). The Court **GRANTS** Plaintiff's Motion but, nevertheless, adheres to its prior decision.

As the Court noted in its November 12, 2008, Opinion and Order, Plaintiff filed an approximately 300-page Complaint in this Court on March 20, 2007, Case No. 07-CV-406-HU, in which he asserted various allegations against Alberto Gonzales, Rosanne M. Sizer, Derek Foxworth, Portland Police Bureau, Robert Gordon,

1 - OPINION AND ORDER

Washington County Sheriff's Department, Karen Immergut, Robert Jordan, and Kenneth Magee.

On May 2, 2007, the Court granted Plaintiff's renewed Motion for Leave to Proceed *in Forma Pauperis*, but dismissed the Complaint in Case No. 07-CV-406-HU for failure to comply with Federal Rule of Civil Procedure 8. The Court granted Plaintiff leave to file an Amended Complaint in compliance with Rule 8 within 14 days of the Court's Order. Plaintiff did not file an Amended Complaint. Accordingly, on June 1, 2007, the Court entered an Order and Judgment dismissing Case No. 07-CV-406-HU without prejudice.

On July 10, 2007, Plaintiff filed a 300-page Complaint in this Court, Case. No. 07-CV-1004-HU, against Alberto Gonzales, the United States Department of Justice, the Federal Bureau of Investigation, the Drug Enforcement Administration, Rosanne M. Sizer, Derrick Foxworth, Portland Police Bureau, City of Portland, Robert Gordon, Washington County Sheriff's Department, Washington County, Karen Immergut, Robert Jordan, and Kenneth Magee in which he made the same general allegations as he made in Case No. 07-CV-406-HU. On August 17, 2007, Plaintiff filed a Motion for Temporary Restraining Order to Enjoin Defendant Federal Agencies use of Involuntary Inhalant Poisoning Against Plaintiff. On August 20, 2007, the Court entered an Order and Judgment dismissing Case No. 07-CV-1004-HU with prejudice. On

2 - OPINION AND ORDER

September 18, 2007, Plaintiff filed a Notice of Appeal.

On December 27, 2007, the Ninth Circuit entered an Order in which it noted this Court, in response to a request from the Ninth Circuit, informed the Ninth Circuit that Plaintiff's appeal was not taken in good faith.  The Ninth Circuit, therefore, ordered Plaintiff to pay the cost of filing an appeal.  On February 8, 2008, the Ninth Circuit dismissed Plaintiff's appeal for failure to pay filing fees.  On September 30, 2008, however, the Ninth Circuit reinstated Plaintiff's appeal after Plaintiff had paid the filing fees.  On January 6, 2009, the Ninth Circuit affirmed this Court's dismissal with prejudice of case No. 07-CV-1004-HU.

On November 7, 2008, Plaintiff filed a 277-page Complaint in this action, Case. No. 08-CV-1315-BR, against Michael Mukasey, Alberto Gonzales, the United States Department of Justice, the Federal Bureau of Investigation, the Drug Enforcement Administration, Karen Immergut, Robert Jordan, Paul Schmidt, Kenneth Magee, City of Portland, Washington County Oregon, Rosanne M. Sizer, Derrick Foxworth, and Robert Gordon in which Plaintiff complains about the same things that were the subject of both case Nos. 07-CV-406-HU and 07-CV-1004-HU.  Once again the Complaint is lengthy and somewhat incoherent.  On November 7, 2008, Plaintiff also filed a Motion for Temporary Restraining Order to Enjoin Defendant Federal Agencies Use of Involuntary

3 - OPINION AND ORDER

Inhalant Poisoning Against Plaintiff, which contains the same allegations as those in the Motion for Temporary Restraining Order that Plaintiff filed in case No. 07-CV-1004-HU.

On November 12, 2008, the Court denied Plaintiff's Motion for Temporary Restraining Order and dismissed this action with prejudice.

On December 12, 2008, Plaintiff filed a Motion for Reconsideration in which he asserted the liability theories in this action are not identical to those in his earlier action. For example, according to Plaintiff this action includes a Federal Tort Claim Act cause of action that is not alleged in the earlier actions.

In any event, Plaintiff's Complaint, as noted, is well over 200 pages and does not comply with Federal Rule of Civil Procedure 8, which requires a "a short and plain statement of the claim showing the pleader is entitled to relief."  Although Plaintiff contends his Complaint in this action asserts different theories of liability than his earlier actions, the Court notes Plaintiff's claims appear nearly identical to those in his earlier actions to the extent that the Court can decipher Plaintiff's causes of action.

Accordingly, the Court grants Plaintiff's Motion for Reconsideration to the extent that the Court reconsiders its November 12, 2008, dismissal of this action with prejudice, but

4 - OPINION AND ORDER

the Court adheres to its November 12, 2008, decision.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration (#11) to the extent that it reconsiders its November 12, 2008, Opinion and Order.  The Court, however, adheres to its decision to dismiss this matter with prejudice.

IT IS SO ORDERED.

DATED this 16th day of March, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER